DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

MARGARITA KOUNS and IRIS HERNANDEZ, )
)
      Plaintiffs, )
) Civil No. 17-08
    v. )
)
THE ESTATE OF LYDIA LIMA LUTON and THE )
DIVERGSTEN COMPANY, INC., )
)
      Defendants. )
)

**ATTORNEYS:**

**Joseph DiRuzzo, III, Esq.**
Fuerst, Ittleman, David & Joseph, PL
Fort Lauderdale, FL
    *For Margarita Kouns and Iris Hernandez.*

**Alex Moskowitz Esq.**
Dudley, Topper & Feuerzeig
St. Thomas, VI
    *For The Estate of Lydia Lima Luton and The Divergsten Company, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of The Estate of Lydia Lima Luton and The Divergsten Company, Inc. to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction. Also before the Court is the motion of Margarita Kouns and Iris Hernandez to amend the complaint.

I.   **ANALYSIS**

Margarita Kouns ("Kouns") and Iris Hernandez ("Hernandez") each own 20% of the voting stock of The Divergsten Company, Inc. ("Divergsten"). In tax years 2013 through 2016, Divergsten paid certain sums to Kouns and Hernandez. For each of those years, Divergsten, through Lydia Lima Luton, issued 1099-misc forms to Kouns and Hernandez reflecting those payments. Divergsten also filed those forms with either the Virgin Islands Bureau of Internal Revenue or the Internal Revenue Service.

On February 2, 2017, Kouns and Hernandez filed an eight page, one count complaint against The Estate of Lydia Luma Luton (the "Estate") and Divergsten. The complaint alleged a "Claim for Civil Damages for Fraudulent Filing of Information Returns" pursuant to 26 U.S.C. § 7434 ("Section 7434"). In that claim, Kouns and Hernandez allege that the sums paid to Kouns and Hernandez should have been reflected on 1099-div forms, not 1099-misc forms.

On June 1, 2017, the Estate and Divergsten moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)"), for failure to timely serve the complaint. On June 15, 2017, the Magistrate Judge extended the time for service *nunc pro tunc* from May 3, 2017, to May 18, 2017.

Thereafter, on July 8, 2017, Kouns and Hernandez filed a document that they labeled as an amended complaint, without leave of the Court. The amended complaint is 58 pages long, alleges eleven claims, specifies that the plaintiffs are suing in multiple capacities, and adds six additional defendants. *See* ECF No. 18.

On August 28, 2017, the Estate and Divergsten filed a motion to dismiss the amended complaint for failure to state a claim and for lack of subject matter jurisdiction. ECF No. 22.

At a hearing on December 12, 2017, the Magistrate Judge indicated to plaintiffs' counsel that the amended complaint had not been filed within the time for filing an amended complaint as of right. The Magistrate also requested that counsel for the defendants notify the Court if the Estate and Divergsten were willing to consent to the filing of an amended complaint.

On January 15, 2018, counsel for the Estate and Divergsten filed a notice indicating that the defendants would not consent to the filing of an amended complaint. ECF No. 48.

On February 13, 2018, Hernandez and Kouns filed a motion seeking leave to amend their complaint. The Estate and Divergsten oppose that motion.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") governs motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be treated as either a facial or a factual challenge to a court's subject-matter jurisdiction. *See Gould Elecs. V. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 189-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). When a party has yet to answer the Complaint or engage in discovery, the motion to dismiss is a facial attack on the Court's subject matter jurisdiction. *See Askew v. Trs. of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith, Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial").

"[A] factual challenge[ ] attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.' " *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (original alterations omitted) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)); *see also Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990) (holding that factual basis for jurisdictional allegations in complaint could be disputed before answer was served). Where a motion to dismiss factually challenges the district court's jurisdiction, the court is not confined to the allegations in the complaint, but can consider other evidence, such as affidavits, depositions, and testimony, to resolve factual issues related to jurisdiction. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (stating that because at issue is the very power of the trial court to hear the case, a court is free to weigh evidence beyond the allegations in the complaint). Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

**B. Motion to Dismiss for Failure to State a Claim**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964–65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).' " *Victaulic Co. v. Tieman*, 499 F.3d 227,

*Kouns, et. al. v. The Estate of Lydia Lima Luton, et. al.*
Civ. No. 17-08
Order
Page 7

234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965).

**C. Motion to Amend the Complaint**

Federal Rule of Civil Procedure 15(a) ("Rule 15") permits amendment of a complaint only by leave of the Court. *See* Fed. R. Civ. P. 15(a) (1993); *see also* LRCi 15.1 (1992) (setting forth the form of a motion to amend and its supporting documentation). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

While Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party. *Hill v. City of Scranton,* 411 F.3d 118, 133-35 (3d Cir. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Pennsylvania Employees Ben. Trust Fund v. Zeneca Inc.,* 499 F.3d 239, 252-53 (3d Cir. 2007) (noting that the decision to grant leave to amend lies within the sound discretion of the district court).

"Delay alone is an insufficient ground upon which to deny a motion to amend." *Cornell and Co., Inc., v. Occupational Safety and Health Review Commission*, 573 F.2d 820 (3d Cir.1978).

*Kouns, et. al. v. The Estate of Lydia Lima Luton, et. al.*
Civ. No. 17-08
Order
Page 8

However, at some point the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. *See Adams v. Gould*, 739 F.2d 858, 867 (3d Cir. 1984).

The Third Circuit emphasizes that prejudice to the non-moving party is the touchstone for the denial of a request for leave to amend. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993) ("Prejudice to the non-moving party is the touchstone for the denial of an amendment.") Prejudice must be substantial or undue to justify denying leave to amend. *Id*. To be unduly prejudicial, the proposed amendment must "unfairly disadvantage[]" the non-movant. *Bechtel v. Robinson*, 886 F.2d 644, 654 (3d Cir. 1989) (citations and quotations omitted); *see also Brodvin v. Hertz Corp*., 487 F. Supp 1336, 1339 (S.D.N.Y. 1980) (finding prejudice based on factors including: the stage of the proceedings; the time, money, and other resources expended in litigating the case; and the availability of the facts in the proposed amendment).

### III. ANALYSIS

The motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction is directed at the amended complaint. Thus, as a preliminary matter, the Court must

determine whether the amended complaint is the operative complaint or whether the original complaint is the operative complaint.

An amended pleading may be filed as of right within: (1) "21 days after serving" the pleading; or (2) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Here, the original complaint was served on May 17, 2017. *Affidavits of Service*, ECF Nos. 12 & 13. Thus, Kouns and Hernandez were entitled to file an amended complaint as of right until June 7, 2017. *See* Fed. R. Civ. P. 15(a)(1)(A). Because Divergsten and the Estate then filed and served a Rule 12(b)(5) motion on June 1, 2017, the deadline for filing an amended complaint as of right was extended until June 22, 2017. *See* Fed. R. Civ. P. 15(a)(1)(B). The amended complaint was not filed within that time period. As such, Kouns and Hernandez were not entitled to amend their complaint as of right.

A complaint may also be amended when the Court grants leave to amend. Fed. R. Civ. P. 15(a)(2).[1] Kouns and Hernandez filed a

---

[1] In addition, a complaint may be amended "with the opposing party's written consent . . . ." Fed. R. Civ. P. 15(a)(2). The defendants have expressly declined to grant such consent. ECF No. 48.

motion seeking leave to amend their complaint on February 13, 2018, more than seven months after they filed their amended complaint. Divergsten and the Estate oppose that motion on the basis that the motion does not comply with Local Rule of Civil Procedure 15.1 ("Rule 15.1"). Divergsten and the Estate also assert that amendment would be futile.

Rule 15.1 provides, in pertinent part, that:

> A party who moves to amend a pleading shall file the amendment with the motion . . . [A]ny amendment to a pleading . . . filed . . . upon a motion to amend, must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference.

*See* LRCi 15.1.

Here, Kouns and Hernandez did not attach the proposed amended complaint to their motion. Instead, they seek leave to file the document that they previously filed as an amended complaint. That document does not specifically delineate the changes or additions to the complaint.

Failure to comply with Rule 15.1 is grounds for denying leave to amend a complaint. *Cf. Smith v. All Persons Claiming a Present or Future Interest in Estate 13*, No. CV 2011-41, 2017 WL 987451, at *4 (D.V.I. Mar. 14, 2017)(holding that the "[c]ourt was well within its authority to strike" an amended complaint filed with leave of court when the plaintiff failed to identify

*Kouns, et. al. v. The Estate of Lydia Lima Luton, et. al.*
Civ. No. 17-08
Order
Page 11

the differences between the amended complaint and the original pleading); *Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 Fed.Appx. 144, 147 (3d Cir. 2014) (holding that "fail[ure] to comply with D. Del. Local Rule 15.1, which requires that a draft of the proposed amended complaint be submitted with the motion . . . is an adequate basis for denying leave to amend"). Accordingly, the Court will deny the motion to amend without prejudice to the filing of a procedurally proper motion.

Because the amended complaint was not filed as of right, with the consent of the defendants, or with leave of the Court, the amended complaint is not properly before the Court. As such, the original complaint remains the operative complaint.

The motion to dismiss was directed at the amended complaint, not the original complaint. Accordingly, that motion is moot.

The premises considered; it is hereby

**ORDERED** that the motion to amend the complaint, docketed at ECF No. 51, is **DENIED**; and it is further

**ORDERED** that the motion to dismiss, docketed at ECF No. 22, is **MOOT.**

S\_____
**CURTIS V. GÓMEZ**
**District Judge**